Argued and submitted April 17, affirmed August 5, 1992

In the Matter of the Compensation of
Robert W. McDonald, Claimant.

Robert W. McDONALD,
*Petitioner,*

*v.*

ROSEBURG FOREST PRODUCTS,
*Respondent.*

(88-04585; CA A67378)

835 P2d 951

Karsten H. Rasmussen, Eugene, argued the cause for petitioner. With him on the brief was Rasmussen & Henry, Eugene.

Adam T. Stamper, Medford, argued the cause for respondent. With him on the brief was Cowling & Heysell, Medford.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

DEITS, J.

### DEITS, J.

Claimant seeks review of an order of the Workers' Compensation Board (Board) denying his aggravation claim. We affirm.

Claimant suffered compensable injuries to his back in 1984, 1985 and 1987. The claims were closed by a determination order issued in February, 1988, and reopened in June, 1988, when claimant underwent surgery. He returned to work in December, 1988. On January 9, 1989, Dr. Hebert reported that claimant was experiencing a "flare-up" of his back condition. However, claimant continued to work. A determination order dated January 26, 1989, closed the reopened claim and awarded claimant 31 percent unscheduled permanent disability. After that, Hebert authorized claimant's release from work from February 15 through March 15, 1989, and filed an aggravation claim on claimant's behalf, which employer denied. Claimant underwent MRI scans on March 21 and 24, which revealed "no evidence of a new disc herniation." His surgeon, Dr. Smith, examined the test results and concurred in the finding of no significant change in claimant's condition.

Claimant sought review of the denial, and a hearing was held on March 28, 1989. The referee found that claimant had suffered an aggravation and ordered the claim reopened. The Board reversed the referee, concluding that claimant had not established a worsening of his condition since the date of the last arrangement of compensation, the January 26 determination order. ORS 656.273(1).[1] The Board also increased claimant's award of unscheduled permanent disability to 43 percent.

Claimant assigns error to the Board's denial of his aggravation claim. He argues that the Board's order is not supported by substantial evidence, because "[t]here is no

---

[1] ORS 656.273(1) provides in part:

"After the last award or arrangement of compensation, an injured worker is entitled to additional compensation, including medical services, for worsened conditions resulting from the original injury. A worsened condition resulting from the original injury is established by medical evidence supported by objective findings."

medical or other evidence which supports the Board's determination that [his] condition had not worsened." He also contends that the Board's order should be remanded because, in view of the evidence of a worsening, it failed to explain its holding that he had not proven his aggravation claim.

We conclude that there is substantial evidence to support the Board's order. Although claimant's doctor, Hebert, did diagnose a "flare up" and a "material worsening" of claimant's 1984 condition in a report dated January 16, 1989, that report was issued *before* the last arrangement of compensation. The March 21 and March 24 MRI's, taken after the January 26 determination order, revealed "no evidence of a new disc herniation." The Board did not err in concluding that claimant failed to establish a worsening of his compensable condition as required by ORS 656.273(1).

The Board did explain its decision in view of the evidence in the record:

> "[T]he last arrangement of compensation was the January 26, 1989 Determination Order. Prior to that time, Dr. Herbert [sic] reported that claimant was not medically stationary and was experiencing a 'flare-up' of his condition. He further indicated that he had a material worsening of his condition as of his January 16, 1989 treatment. Although Dr. Herbert [sic] eventually released claimant from work following the Determination Order, we conclude that the release stemmed from claimant's condition prior to January 26, 1989. Inasmuch as claimant's condition was the same prior to January 26, 1989 as it was subsequent to that date, claimant has not established a worsened condition since January 26, 1989, his last arrangement of compensation. Accordingly, he has not proven a compensable aggravation. *See* ORS 656.273(1)."

The Board's upholding of the denial of claimant's aggravation claim is correct.

Affirmed.